FILED
SUPERIOR COURT
OF GUAM

2023 SEP -5 PM 2:08

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0046-20** |
| Plaintiff, | GPD Report Nos.: 20-01667 / 20-01766 |
| v. | **DECISION AND ORDER GRANTING REVOCATION OF PROBATION** |
| **ANTHONY VINCENT MATAGOLAI,** DOB: 09/07/1984 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 10, 2023 for a Revocation Hearing in the above-captioned matter related to Anthony Vincent Matagolai's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Kristine Borja. Having duly considered the Parties' briefs and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On March 11, 2020, Defendant pled guilty to Unauthorized Use of a Motor Vehicle (as a Misdemeanor). See Judgment of Conviction (Jun. 3, 2020). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** The Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **FINE:** The Defendant shall pay a fine of five hundred dollars ($500.00) plus court costs of eighty dollars ($80.00).
- **COUNSELING/TREATMENT:** The Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. The Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.
- **COMMUNITY SERVICE:** The Defendant shall complete fifty (50) hours of community service under the direction of the Adult Probation Office.
- **LAWS:** The Defendant shall obey all federal and local laws of Guam.
- **NO DRUGS:** The Defendant shall not possess or consume any illegal controlled substances.

Id.

In February, 2021, a violation report was filed by the Adult Probation Office, indicating that Defendant was not following several probationary conditions. See First Violation Report (Feb. 1, 2021). Defendant had failed to report to the Adult Probation Office for almost half a year, failed to make payments on either his fine or court costs, failed to make any progress on his community service obligations, and failed to report to CSFC for his initial intake / assessment. Id.

In June, 2021, another violation report was filed, indicating that Defendant again stopped reporting to the Adult Probation Office, failed to make payments on his fine / court costs, failed to make any progress on his community service obligations, and failed to report to CSFC for his initial intake / assessment. See Second Violation Report (Jul. 26, 2021).

In September, 2021, two more violation reports were filed. Defendant had been arrested and indicted in CF0435-21 on charges of Theft by Receiving a Stolen Motorcycle (as a 2nd Degree Felony) and Family Violence (as a Misdemeanor). See Third Violation Report (Sep. 7, 2021). It was also reported that Defendant still hadn't paid off his fines / court costs, completed his

community service obligations, or reported to CSFC for his initial intake / assessment. See Fourth Violation Report (Sep. 7, 2021).

In the following months, two more violation reports were filed, indicating, that Defendant still hadn't made progress on paying off his fines / court costs, completed his community service obligations, or reported to CSFC for his initial intake / assessment. See Fifth Violation Report (Dec. 21, 2021); Sixth Violation Report (Jan. 18, 2022).

In April, 2022, another violation report was filed, indicating that Defendant had been arrested and indicted in CF0252-22 on charges of Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony). See Seventh Violation Report (Apr. 21, 2022).

In September, 2022, another violation report was filed, indicating that Defendant had again failed to report to the Adult Probation Office, failed to complete his intake / assessment at CSFC, failed to make payments on his fine / court costs, and failed to perform his community service obligations. See Eighth Violation Report (Sep. 27, 2022).

On April 10, 2023, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's repeated failures to obey both the laws of Guam and the Court's orders. See Motion (Apr. 10, 2023). Opposing the Motion, Defendant claims he can still comply with his probation conditions if given another chance. See Opposition to Motion (Apr. 11, 2023).

On August 10, 2023, the Court held a Revocation Hearing and subsequently revoked Defendant's probation. See Minute Entry (Aug. 10, 2023).

## **DISCUSSION**

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

[T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to report to the Probation Office, failing to make any progress in paying off his fines or completing his community service, and failing to possess illegal controlled substances.

Most importantly, Defendant has been indicted in two new felony cases (CF0435-21 & CF0252-22), indicating a continuous and ongoing failure to obey the laws of Guam.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant has shown a continuous and ongoing disregard towards following his probationary conditions, having been indicted in multiple new felony cases and receiving eight violation reports while on probation.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. This period of incarceration shall run consecutive to any other period of incarceration Defendant serves. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this ___Sep. 5, 2023___ *nunc pro tunc* to August 10, 2023.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**